5

FILED

OCT 27 2026

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**United States Department of Justice**

*Matthew L. Harvey*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street
Suite 3000
Wheeling, WV 26003

Phone: (304) 234-0100
FAX: (304) 234-0110

October 2, 2026

John W. Sellers, Esq.
Oberheiden P.C.
700 12th Street NW Suite 700
Washington, DC 20005
VIA EMAIL DELIVERY

Re: United States v. Didimus KIMBI, Criminal Action No. 1:26-CR-53

Dear Mr. Sellers:

This will confirm conversations with you concerning your client, Didimus Kimbi (hereinafter referred to as "Defendant" or "Mr. Kimbi"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Mr. Kimbi will waive his right to have his case presented to a Grand Jury and plead guilty to an Information to be filed in this district, charging him with one count of Conspiracy to Provide Material Support, in violation of Title 18, United States Code, Section 2339A.

2. The maximum penalty to which Mr. Kimbi will be exposed by virtue of his plea of guilty is imprisonment for a term of not more than fifteen (15) years, a fine of not more than $250,000, and a term of supervised release of not more than three (3) years. Mr. Kimbi will also be required to pay a mandatory special assessment of $100.00, (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Kimbi might be required by the Court to pay the costs of any incarceration.

[signature] 10/15/2026
Didimus Kimbi, Defendant — Date

John W. Sellers 10/15/2026
John W. Sellers, Esq. — Date
Counsel for Defendant

[signature] 10-27-26
EJ Rollo
Local counsel for Defendant

3. The defendant recognizes that pleading guilty may have consequences for his immigration status, if he is not a citizen of the United States, or for his citizenship status, if he is a naturalized citizen. Under federal law, a broad range of crimes are removable offenses, including offenses that qualify as aggravated felonies, crimes involving moral turpitude, and conduct involving controlled substances and firearms, among many other categories of criminal activity. Likewise, if the defendant is a naturalized citizen, he acknowledges that certain convictions, which may include the defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including the defendant's attorney, the U.S. Attorney's Office, or the U.S. District Court, can predict to a certainty the effect of the defendant's conviction on his immigration or citizenship status. The defendant nevertheless affirms that he knowingly and voluntarily agrees to plead guilty regardless of any present or future immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States or denaturalization followed by automatic removal from the United States.

4. The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications as to why such person's detention would not be appropriate.

5. The parties hereby stipulate and agree that the base offense level is **Base Offense Level 33** because Section 2X2.1 applies to violations of 18 U.S.C. § 2339A and references the underlying offense Section 2A1.5 applies to the underlying offense applicable here, a violation of 18 U.S.C. § 956(a).

In addition, the parties hereby stipulate and agree that a **12-level increase** in the offense level is applicable because, as set forth in Section 3A1.4, the offense is a felony that involved, or was intended to promote, a federal crime of terrorism. The defendant acknowledges that application of Section 3A1.4 also requires that his criminal history category be **Category VI**.

The parties understand that the Court is not bound by the above stipulations and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulations, he will not have the right to withdraw his plea of guilty.

6. Mr. Kimbi waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 543 U.S. 220 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Kimbi further agrees

| | |
|---|---|
| [signature] | 10/15/2026 |
| Didimus Kimbi, Defendant | Date |
| John W. Sellers | 10/15/2026 |
| John W. Sellers, Esq.<br>Counsel for Defendant | Date |
| [signature] | 10-27-26 |
| Ed Rollo<br>Local counsel for Defendant | |

that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

7. The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the Information or the stipulation as to the factual basis for this guilty plea below, or victims of any related or similar conduct shall be entitled to restitution.

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time-consuming process. To that end, defendant agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, the defendant specifically waives the 90-day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

8. The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: property that constitutes the proceeds of the offense, property facilitating the offense, property used in or involved in the offense, and property belonging to the defendant.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. United States v. Blackman, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of the defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and

[signature] 10/15/2026

Didimus Kimbi, Defendant — Date

*John W. Sellers* 10/15/2026

John W. Sellers, Esq. — Date
Counsel for Defendant

[signature] 10-27-26

EJ Rollo
Local counsel for the Defendant

agrees that the conduct described in the charging instrument and the stipulation as to the factual basis for this guilty plea below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as an asset, foreign or domestic, of an individual engaged in planning or perpetrating a Federal crime of terrorism or acquired; maintained by an individual with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism.

9. The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in which the defendant has any legal or equitable interest to determine what assets may be available for payment to restitution, forfeiture, and/or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed. The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request. The defendant understands that failure to participate in the financial investigation as described in this paragraph may constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Within 14 days of a request by the United States, or other deadline agreed upon by the parties, the defendant agrees to provide all information about all of the defendant's assets and financial interests to the United States and the Probation Office and, if requested, submit to a debtor's examination, complete a financial disclosure statement under penalty of perjury, and/or undergo any polygraph examination the United States may choose to administer concerning such assets and financial interests. The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that assets and financial interests subject to disclosure include assets owned or held

| | |
|---|---|
| Didimus Kimbi, Defendant | 10/15/2026<br>Date |
| John W. Sellers<br>John W. Sellers, Esq.<br>Counsel for Defendant | 10/15/2026<br>Date |
| Ed Rollo ~~Atty~~<br>local counsel for the Defendant | 10.27.26 |

directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

The defendant shall identify all assets valued at more than $5,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement, including the location of the assets and the identities of third parties to whom they were transferred. The defendant agrees not to transfer any assets valued at more than $5,000 without approval of the U.S. Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest. Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to notify the U.S. Attorney's Office of a change in address within 30 days of such change.

The defendant agrees that all criminal monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. The defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and vice versa and defendant waives any rights defendant may have under the Right to Financial Privacy Act. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant agrees to cooperate fully in efforts to collect the criminal monetary penalty by any legal means the Government deems appropriate. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimum financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment.

If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Program, may submit any unpaid criminal monetary penalties to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

The defendant agrees not to encumber, sell, transfer, hide, waste, devalue, or in any other way dispose of any assets without authorization from the United States or the Court, including any interest held or owned in any other name, including all forms of business entities and trusts.

| | |
|---|---|
| Didimus Kimbi, Defendant | 10/15/2026<br>Date |
| John W. Sellers<br>John W. Sellers, Esq.<br>Counsel for Defendant | 10/15/2026<br>Date |

10-27-26

Ed Rollo
Local counsel for the Defendant

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

The defendant agrees to pay all criminal monetary penalties to the fullest extent possible before sentencing. Any payments made before sentencing should be made only after consulting with the United States Attorney's Office Financial Litigation Program. After such consultation, any criminal monetary penalty payment shall be made by certified/cashier check or money order payable to Clerk, U.S. District Court and mailed to Clerk, U.S. District Court, Attn: Fines & Restitution, P.O. Box 471, Wheeling, WV 26003. If the defendant is financially able to pay part or all of the criminal monetary penalty prior to sentencing and fails to do so, then the Office of the United States Attorney shall have the right to withdraw any sentencing recommendations and/or to void this Agreement.

10. As the factual basis for the guilty plea, the parties hereby stipulate and agree to the following facts.

> From in or around February 2022 through in or around October 2025, while in Harrison County, West Virginia, the defendant provided material support to a conspiracy to kill, kidnap, maim, or injure persons in Cameroon.
>
> During this period, the defendant contributed financially to the purchase of weapons for the armed separatist group known as the Ambazonia Defense Forces.
>
> During this period, the defendant provided strategic coordination for the requisition of weapons by acting as a middleman between a ground commander, who sent him images and prices, and Benedict Kuah, who approved the requisition.
>
> During this period, the defendant contributed to operational direction by obtaining information from ground commanders and then preparing written operational plans that he sent to Benedict Kuah for approval.

11. Mr. Kimbi will be completely forthright and truthful about all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings.

[signature] 10/15/2026

Didimus Kimbi, Defendant — Date

*John W. Sellers* 10/15/2026

John W. Sellers, Esq. — Date

Counsel for Defendant

[signature] 10-27-26

EJ Rollo
Local Counsel for the Defendant

12. Nothing contained in any statement or any testimony given by Defendant, pursuant to Paragraph 11, will be used directly against him as the basis for any possible subsequent prosecution in the Northern District of West Virginia. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of Paragraph 11 above.

13. At final disposition, the United States will advise the Court of Mr. Kimbi's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

14. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be. This Agreement includes nonbinding sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, Mr. Kimbi understands that the Court is not bound by these sentencing recommendations, and that he has no right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

15. The United States will make the following nonbinding recommendations: 1) if Mr. Kimbi accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Kimbi give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. To be eligible for this timely acceptance of responsibility, **Mr. Kimbi must execute this Plea Agreement on or before 5:00 p.m., October 16, 2026**, and return an executed copy to the United States by that day and time; and 3) the United States will recommend that any sentence of incarceration imposed should be within the applicable Guideline range.

[signature] 10/15/2026

Didimus Kimbi, Defendant — Date

John W. Sellers 10/15/2026

John W. Sellers, Esq. — Date
Counsel for Defendant

[signature] 10-27-26

EJ Rollo
Local counsel for the Defendant

16. If, in the opinion of the United States, Mr. Kimbi either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Mr. Kimbi will not have the right to withdraw his guilty plea.

17. Mr. Kimbi is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences him within the statutory maximum of the offense of conviction:

a. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b. Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c. Defendant knowingly waives all right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

| | |
|---|---|
| Didimus Kimbi, Defendant | 10/15/2026<br>Date |
| John W. Sellers<br>John W. Sellers, Esq.<br>Counsel for Defendant | 10/15/2026<br>Date |

10-27-26

EJ Rollo

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the Guideline range at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

18. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Kimbi's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Kimbi or his counsel.

19. If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

20. This plea offer expires if not accepted and returned on or before **October 16, 2026**.

21. The above twenty (20) paragraphs constitute the entire agreement between Mr. Kimbi and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

MATTHEW L. HARVEY
United States Attorney

By: Jarod J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the nine (9) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Didimus Kimbi, Defendant — Date: 10/15/2026

John W. Sellers, Esq.
Counsel for Defendant — Date: 10/15/2026

10-27-26

Ed Roth
local counsel for the Defendant